# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR113 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DIABLO D. TATE, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (Doc. 11) of Defendant Diablo Tate to Suppress evidence seized from his residence because the search violated the Fourth Amendment. For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND FACTS

On August 29, 2018, neighbors notified the Euclid Police Department about "suspicious drug activity" occurring at 19051 Genesee Avenue, Euclid, Ohio (the "Property"). The neighbors specifically complained of the constant traffic of persons going into the house and exiting a short time later. Finally, the neighbors identified the owner of the Property as Defendant.

Police then began to corroborate the information. On September 24, 2018, detectives

conducted a trash pull from the Property. From the trash pull, investigators uncovered drug packaging material, seven vacuum-sealed bags with marijuana residue, marijuana stems, five marijuana roaches and various paperwork and packaging material bearing Defendant's name.

During the last week of September 2018, police conducted surveillance of the Property. They observed vehicle traffic during the early morning hours at the address. The occupants of the vehicles would enter the Property and return to their cars soon after. Based on the training and experience of the detectives, this activity was consistent with drug trafficking.

On October 1, 2018, investigators conducted a second trash pull. The second trash pull produced miscellaneous mail to Defendant, three vacuumed-sealed bags with marijuana residue, three marijuana roaches and a plastic bag containing edible marijuana cookies.

In addition to surveilling the Property and the two trash pulls, police reviewed public records. They determined the Property is owned by Ms. Tate-Burton. Authorities also determined Defendant had a lengthy criminal record involving drug and weapon convictions. Furthermore, Defendant had an outstanding warrant with the Cleveland Heights Police Department.

Based on the above, Detective Alcantara submitted his Affidavit for Search Warrant (the "Affidavit") and applied for a search warrant for the Property. A Cuyahoga County Judge granted the Search Warrant on October 3, 2018.

On June 28, 2019, Defendant filed his Motion to Suppress the evidence authorities obtained after executing the Search Warrant. Defendant argues that the facts alleged in the Affidavit did not establish probable cause to search the Property and that the good faith exception to the exclusionary rule is inapplicable. The Government disagrees with Defendant on

both points.

## II. LAW AND ANALYSIS

### A. Standard of Review

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

"Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion," and exists "when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner*, 385 F.3d 947, 951 (6th Cir. 2004), *cert. denied*, 543 U.S. 1095 (2005) (citations omitted).

In *Illinois v. Gates*, the Supreme Court announced the basic standard for determining whether an affidavit establishes probable cause to issue a search warrant:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, ***given all the circumstances set forth in the affidavit*** before him [or her], ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. (Emphasis added).

462 U.S. 213, 238-39 (1983); *see also United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003); *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991).

A probable cause finding "should be paid great deference by reviewing courts." *Gates*, 462 U.S. at 236. However, reviewing courts must ensure that the issuing magistrate or judicial

-3-

officer did "not serve merely as a rubber stamp for the police." *United States v. Leon*, 468 U.S. 897, 914 (1984) (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)). Further, reviewing courts "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915 (quoting *Gates*, 462 U.S. at 239).

A reviewing court assesses probable cause by focusing only on the four corners of the affidavit. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1998) (citing *Whitley v. Warden*, 401 U.S. 560, 564-65 (1971)); *United States v. Hatcher*, 473 F.2d 321, 323 (6th Cir. 1973) ("In determining that sufficiency [of the affidavit] we are concerned only with statements of fact contained in the affidavit").

### B. Affidavit for Search of 19051 Genesee Avenue

The County Judge had a substantial basis for concluding that probable cause existed in issuing the warrant for a search of the Property. Defendant does not dispute the material facts in the Affidavit.[1] Rather, he argues that the evidence uncovered as a result of the two trash pulls is insufficient to establish probable cause to search the Property. However, because Defendant focuses solely on two paragraphs of the Affidavit instead of the totality of the facts that reflect the police's further investigation, Defendant's argument fails.

It is well established in the Sixth Circuit that "drug paraphernalia recovered from a trash

---

[1] Defendant briefly cites *Franks v. Delaware*, 438 U.S. 154 (1978) for the proposition that a defendant may challenge the truthfulness of an affidavit. Under *Franks* however, Defendant bears a heavy burden. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Defendant must "point to specific false statements that...were made intentionally or with reckless disregard for the truth." *Id.* (citing *Franks*, 438 U.S. at 171). Defendant did not point to any such statement in the Affidavit. Since Defendant has not made this threshold, any *Franks* challenge Defendant may have asserted fails.

pull establishes probable cause to search a home ***when combined with other evidence of the resident's involvement in drug crimes***." *United States v. Abernathy*, 843 F.3d 243, 251-52 (6th Cir. 2016) (emphasis added).  Generally, there are few circumstances where trash pull evidence, standing alone, can establish probable cause to search a home.  *Id.* at 256-57 (holding that marijuana roaches and drug-laced plastic bags found in trash were insufficient, standing alone, to create probable cause to search the residence).

Here, the Affidavit sets forth "other evidence" of Defendant's involvement in drug crimes.  The Affidavit states neighbors complained of "suspicious drug activity," where "there was a constant traffic of persons" to and from the Property.  Investigators confirmed this complaint during their own surveillance of the Property, as they observed vehicle and pedestrian traffic at the Property during the early morning.  The Affidavit sets forth Detective Alcantara's credentials and states, that in his experience, this heavy flow of traffic is consistent with drug trafficking.  Finally, Defendant has prior drug and weapon-related convictions as set forth in the Affidavit.

The above facts, coupled with the trash pull evidence of drug trafficking and Defendant's residency at the Property, constitute "other evidence" to connect Defendant to drug trafficking. *See United States v. Robinson*, 332 Fed. App'x 290, 295 (6th Cir. June 12, 2009) (evidence that neighbors complained about drug trafficking, defendant lived on the property and had prior drug convictions, and that the drug evidence was found during trash pull established probable cause to search residence).  Accordingly, based on the totality of circumstances provided, the County Judge had a substantial basis to conclude there was probable cause to issue the Search Warrant.

### III. CONCLUSION

The Court holds that the County Judge had a substantial basis for concluding that probable cause existed to search the Property for evidence of drug trafficking. The Affidavit described not only the drug paraphernalia from two trash pulls, but additionally other evidence of Defendant's involvement in drug crimes. Therefore, the Court **DENIES** Defendant's Motion. (Doc. 11).

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: July 11, 2019**