**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:19CR113** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DIABLO D. TATE,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendant Diablo Tate's Addendum to Motion to Suppress evidence seized from his residence because the search violated the Fourth Amendment. (Doc. 20). For the following reasons, the Court **DENIES** Defendant's Motion.

**I. BACKGROUND FACTS**

On June 28, 2019, Defendant filed a Motion to Suppress evidence found at his residence because Detective Alcantara's Affidavit for Search Warrant (the "Affidavit") did not contain probable cause. (Doc. 11). Specifically, Defendant argued that the Affidavit was based solely on evidence uncovered during a trash-pull. The Court disagreed with Defendant's interpretation of the Affidavit and denied his Motion on July 11, 2019. (Doc. 14).

After the Court's denial of Defendant's original Motion, Defendant received additional evidence in the form of surveillance footage from the Government. Defendant believes the footage calls into question the truthfulness of the Affidavit. As such, Defendant requested a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).

The Government filed a Response to Defendant's Addendum on December 9, 2019. (Doc. 21). The Government argues Defendant is not entitled to an evidentiary hearing because

Detective Alcantara's statement is neither false nor misleading and the Affidavit contains sufficient facts to establish probable cause to search Defendant's residence.

A day after the Government filed its Response, it provided the Court a copy of the video surveillance. The video is over seven hours long. It captured the suspect residence where two vehicles were parked in the driveway. The recording begins while it is still dark. Around the 1:52:30 mark, a vehicle arrived at the residence, pulling in and out a couple times. The driver exited the vehicle and walked towards the house. Roughly thirty seconds passed before a person walked back to the vehicle.[1] Within three minutes of arriving on the recording, the vehicle reversed down the street away from the residence.

The next period of activity begins around the 3:50:25 mark when a dark vehicle slowly drove by the residence. By this time, it is light out. The vehicle parked on the opposite side of the street and remained idle before driving away. Minutes later, the same car came back and parked in the original spot across the street. The driver exited the vehicle and walked towards the residence with something in his hand. Within the next two minutes, two people left the residence and drove the two cars parked in the driveway away. The dark vehicle remained parked on the street for over an hour.

## II. LAW AND ANALYSIS

**A.      Standard of Review**

The Court has previously stated the appropriate standard of review for typical Fourth Amendment challenges to a search warrant in its prior Opinion and Order. (Doc. 14). Relevant here is when may a court question the validity of an affidavit for search warrant, as there is "a presumption of validity" in the typical case. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

---

[1] A second person appeared to approach the car around the same time.

That questioning arises if the affidavit contains false statements that are shown to have been made knowingly and intentionally, or with reckless disregard for the truth, and if those false statements were necessary to the finding of probable cause. *Id.* at 155-56. In such a case, the evidence seized pursuant to the warrant will be suppressed. *Id.* at 156. Inaccurate statements that are the result of mere negligence or innocent mistake however, do not fall within the framework of *Franks*. *Id.* at 171. A *Franks* claim entails a two-part analysis: "(1) whether the defendant has proven by a preponderance of the evidence that the affidavit contains deliberately or recklessly false statements and (2) whether the affidavit, without the false statements, provides the requisite probable cause to sustain the warrant." *United States v. Charles*, 138 F.3d 257, 263 (6th Cir. 1998).

Defendant argues he is entitled to a *Franks* hearing because the Affidavit contained false and misleading information. To be entitled to a hearing, Defendant must satisfy a heavy burden. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). Defendant's "allegations must be more than conclusory. He must point to specific false statements that he claims were made intentionally or with reckless disregard for the truth." *Id.* (citing *Franks*, 438 U.S. at 171). Moreover, Defendant should accompany his allegations with an offer of proof, such as "[a]ffidavits or sworn or otherwise reliable statements of witnesses." *Franks*, 438 U.S. at 171.

**B.      False Statements Made Deliberately or Recklessly**

Defendant claims the following two sentences in the Affidavit are false and misleading: "During surveillance, Detectives observed vehicle traffic during the early morning hours at the address. ***People*** would exit the car, enter the home, and return to the car a short time later." (Doc. 11-2, PageID: 46-47) (emphasis added). According to Defendant, the video surveillance

3

only shows one car and one person approach the residence as described.  Moreover, the surveillance footage does not demonstrate anything other than typical residential use.

Defendant's argument lacks merit.  After viewing the video in whole, the Court finds the Detective's statement is a reasonable interpretation of the surveillance footage.  The first sentence accurately reflects the video.  Two vehicles approached the residence and ultimately stopped outside.  This occurred "during the early morning hours" as the video confirms the scene changed from darkness to light.  Accordingly, there is no false statement in the first sentence.

The same is true regarding the second sentence.  The video footage shows at least two persons exit their vehicles and approach the residence.  These two persons—or "people"—did exactly what the Detective described in his Affidavit.  They would exit their vehicles, approach the residence and return to a vehicle "shortly thereafter."  As such, the Court does not find any false or reckless statement in the second sentence.

Defendant argues the surveillance camera captured typical residential use.  Unfortunately for Defendant, he has a "heavy burden" to satisfy before the Court may hold an evidentiary hearing.  And he has not satisfied that burden.  Defendant does not offer an Affidavit to describe his typical residential use of the home.  Nor did Defendant actually provide the video.  He simply relies on conclusory statements which cannot satisfy his burden.  *Bennett*, 905 F.3d at 934.

When viewing the totality of the circumstances, the Detective's interpretation of the video was a reasonable understanding of what he believed the facts to be.  This reasonable understanding eliminates the possibility of a reckless falsehood.  *See United States v. Elkins*, 300 F.3d 638, 650-51 (6th Cir. 2002) (so long as an affidavit reflects the facts as the officers understood them to be, it cannot be a reckless falsehood).  Accordingly, Defendant has not

demonstrated by a preponderance of the evidence that the Detective's statement was deliberately false or recklessly made.

C.     **Finding of Probable Cause Without Statement**

Even if the Court removed the perceived problematic statement, the Affidavit still contained enough facts to establish probable cause to search the residence for evidence of drug trafficking.  Without the statement about surveillance, the Affidavit establishes: i) police received complaints about "suspicious drug activity" occurring at the residence; ii) police conducted two separate trash pulls where they found drug paraphernalia; iii) police field tested the remnants to confirm the presence of marijuana; iv) police ran Defendant's criminal history and confirmed Defendant had prior convictions related to drug trafficking and weapons charges; and v) Detective Alcantara was a seasoned officer with experience in investigating narcotics.

In the Sixth Circuit, it is well established that drug paraphernalia recovered from a trash pull establishes probable cause to search a home when combined with other evidence of the resident's involvement in drug crimes.  *United States v. Abernathy*, 843 F.3d 243, 251-52 (6th Cir. 2016).  It is the rare case where trash pull evidence, standing alone, is sufficient to create probable cause to search a residence.  *Id.* at 253.

Here, however, investigators did not rely merely on trash-pull evidence alone.  As discussed previously by the Court, the Affidavit contains "other evidence" of Defendant's involvement in drug crimes.  This remains true even after excising the statement about surveillance.  Police still had a tip regarding "suspicious drug activity" occurring at the residence.  They confirmed the tip by conducting two separate trash pulls that revealed a significant amount of drug paraphernalia.  They connected Defendant with the residence.  Importantly, police also confirmed Defendant had a history of involvement with drug crimes.

5

*See Abernathy*, 843 F.3d at 255 (stating that the "critical missing ingredient" from an affidavit based solely on trash-pull evidence "was evidence that [d]efendant had been involved in past drug crimes").

These facts, as found by other courts facing similar circumstances, are enough to establish probable cause to search Defendant's residence for evidence of drug crimes. *See United States v. Martin*, 526 F.3d 926, 937-38 (6th Cir. 2008) (weak informant tip substantiated by one trash pull yielding evidence of narcotics and review of the suspect's criminal history involvement in narcotics trafficking sufficient to obtain a warrant to search residence); *United States v. Robinson*, 332 Fed. App'x 290, 294-95 (6th Cir. June 12, 2009) (confirmation that the suspect lived in residence, he had a criminal history involving drugs, a neighbor complained about high-volume of traffic consistent with drug trafficking and one trash pull that yielded confirmed evidence of narcotics sufficient for warrant); *United States v. Shaffer*, 238 F. Supp. 3d 913, 924 (E.D. Ky. 2017) (results of trash pull in addition to the defendant's criminal history which included a pending charge and prior charges of drug trafficking established probable cause for a warrant).

### III. CONCLUSION

Defendant is not entitled to a *Franks* hearing. Detective Alcantara's statement about surveillance was neither false nor reckless but rather a reasonable interpretation of the surveillance footage. Even if the statement were removed however, the Affidavit still contains sufficient evidence to conclude that probable cause exists to search the residence for evidence of drug trafficking. Accordingly, the Court **DENIES** Defendant's Addendum Motion without a hearing.

**IT IS SO ORDERED.**

                                         s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: December 17, 2019**